"10 July, 1894. — W. J. Edwards, Esq., Raleigh, N.C. Dear Sir: I beg to advise that you have been appointed general storekeeper for the system, to take effect 15 July. Your salary will be eighteen hundred dollars a year. You will be in charge, etc. John H. Winder, Gen'l Manager."
(491) The plaintiff accepted the appointment and went into the discharge of his duties and was paid $150 each month until 1 January, 1896, when he was discharged from the service of the defendant. Plaintiff sues for balance of salary until 15 July, 1896, alleging that he was employed by the year at $1,800 for that period of time and that he was wrongfully discharged, and the court below so held.
We are called upon to determine the meaning of the instrument quoted above, according to its proper terms, and to do so it is important to find the intent of the parties as expressed by the language employed by themselves.
In a written contract the terms are fixed and the meaning of those terms is a question of law for the court alone, and in parol contracts the rule is the same where the terms are precise and explicit. Massey v. Belisle,24 N.C. 170; Simpson v. Pegram, 112 N.C. 541. An entire contract is one in which the consideration is entire on both sides. "Whenever there is a contract to pay a gross sum for a certain definite consideration the contract is entire and not apportionable either in law or in equity." Story Contracts, sec. 22.
The contract before us is not specific as to the term of service, certainly not so expressed in the writing. The plaintiff does not so insist, but says a reasonable construction thereof leads to the conclusion that the parties intended a one-year term of service. We are not able to see that such was their intention. It seems reasonable that if they had so intended they would have expressed themselves in more definite and explicit terms on so important a feature of their agreement. Why they *Page 367 
were not more definite we cannot tell. They may or may not have had reasons for leaving the writing as it is, or they may not have called their minds to that feature of the contract. It does not seem unreasonable that the parties intended that the service should be performed for a price that should aggregate the gross sum annually, leaving the parties to sever their relations at will, for their own convenience. (492)
All business men know they can make legal contracts to suit themselves, also the importance of saying what they mean in business matters in plain and definite terms.
As the case shows that the plaintiff has been paid for all services rendered, and he offered no other evidence, we hold that he cannot recover in this action, and this renders the consideration of other questions unnecessary.
Error.
Cited: King v. R. R., 140 N.C. 435; Soloman v. Sewerage Co.,142 N.C. 445; Currier v. Lumber Co., 150 N.C. 695.