RANDY K. WILKERSON, Plaintiff v. CARRIAGE PARK DEVELOPMENT CORPORATION, a North Carolina corporation, Defendant

No. COA97-1387

(Filed 4 August 1998)

## 1. Employer and Employee— employment at will—agreement—not for a definite term

An agreement under which plaintiff was hired as project manager for a development was not for a definite term of employment and did not remove plaintiff from the employment-at-will doctrine where defendant contemplated building 500 houses in the development and plaintiff argued that representations to that effect and that he could earn a bonus for each home built created an implied promise of a continuing contractual relationship for the period necessary to complete the houses. Plaintiff admitted in his deposition that he was not promised employment for a set period of time and the argument that the duration could be implied from the time necessary to construct the 500 homes does not address the dispositive question of whether the parties agreed he would work for a definite term. The bonus was not linked to a term of employment but was to be paid upon completion of a job within certain standards and did not convert the contract into one for a definite period.

## 2. Employer and Employee— compensation—bonus—not separate contract

Summary judgment was properly granted for defendant in an action for breach of an alleged employment contract where the

record did not reflect acceptance of the terms of a proposed bonus provision.

Appeal by plaintiff from order entered 10 September 1997 by Judge Ronald K. Payne in Henderson County Superior Court. Heard in the Court of Appeals 20 May 1998.

*Westall, Gray & Connolly, P.A., by Jack W. Westall, Jr., for plaintiff-appellant.*

*Kennedy, Covington, Lobdell & Hickman, L.L.P., by William C. Livingston and Russell F. Sizemore, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Randy K. Wilkerson (hereafter "Wilkerson") brought this action against his former employer, Carriage Park Development Corporation (hereafter "Carriage Park"). On Carriage Park's motion, the trial court entered summary judgment dismissing with prejudice Wilkerson's action. Wilkerson appeals.

The material facts are not in serious dispute. Wilkerson is an experienced construction worker. Carriage Park is a development corporation, which at the relevant times was constructing a 500 home development. In response to a letter and resume Wilkerson sent to Carriage Park, Dale Hamlin, Carriage Park's general manager, contacted Wilkerson in regards to hiring him as a project manager. Wilkerson later spoke with other company officials and visited the development. Subsequently, Hamlin offered Wilkerson the position of project manager.

Wilkerson had discussed compensation arrangements several times prior to the offer. When Hamlin made him the offer, Wilkerson asked for his compensation package to be put in writing. Wilkerson was faxed a letter outlining his compensation. In response, Wilkerson sent Carriage Park a letter that, although noting that they still needed to work out the details surrounding one item of the compensation package, purported to accept the position.

Wilkerson began working at Carriage Park on or around 18 November 1994. He submitted a letter of resignation on 23 December 1994, having worked at Carriage Park for approximately one month. The complaint in this matter was filed 2 April 1996. Wilkerson alleged that various actions taken by the defendant while he was an employee rendered it impossible for him to complete his employment

contract. He further alleged that there was an employment agreement between him and Carriage Park, and alleged various actions arising out of its breach.

---

Where there is no dispute as to a material fact, summary judgment is properly entered when a party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c). Wilkerson argues in his brief that he had an employment contract for a definite term such as to take his employer-employee relationship out of the general employment-at-will rule. He further argues that the bonus provisions of the compensation package faxed to him constitute a separate agreement upon which he can maintain an action for breach of contract. We conclude that there was no agreement as to a definite term of employment here and that there was no contract to support his separate agreement argument. Therefore, we hold the trial court correctly entered summary judgment dismissing this action.

I.

[1] "North Carolina is an employment-at-will state. . . . [I]n the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997), *reh'g denied*, 347 N.C. 586, —— S.E.2d —— (1998). Wilkerson asserts that there was a definite term of employment. He points to the fact that Carriage Park contemplated building 500 houses in the development, and argues that representations to him to that effect and the representations that he could earn a bonus for each home built created an implied promise of a continuing contractual relationship for the period necessary to complete the 500 houses. He contends that this implied promise suffices as a definite term of employment.

We disagree that such an agreement is sufficient to establish a definite term of employment. North Carolina law has consistently held that to remove an employer-employee relationship from the employment-at-will doctrine, the contract must specify a definite term of employment. *Kurtzman*, 347 N.C. at 331, 493 S.E.2d at 422 (citations omitted). Even where an employment contract specifies compensation at a yearly, monthly, weekly, or daily rate, this Court has held that if the term of service is not specified, the contract is for

an indefinite period. *Freeman v. Hardee's Food Systems*, 3 N.C. App. 435, 437-38, 165 S.E.2d 39, 41-42 (1969).

In this case, there was no agreement that Wilkerson would work for Carriage Park for a definite term, nor was there an agreement that Wilkerson would work until the 500 houses were completed. Wilkerson admitted in his deposition that he was not promised employment for a set period of time. His argument that the duration could be implied from the time necessary to construct the 500 homes is unpersuasive, as it does not address the dispositive question of whether the parties agreed he would work for a definite term.

In *Tuttle v. Lumber Co.*, 263 N.C. 216, 139 S.E.2d 249 (1964), our Supreme Court considered an employment contract that set forth both a salary and a separate bonus provision. *Id.* at 217, 139 S.E.2d at 250. The bonus provision provided that the employee would receive 10% of the net profits after remaining for a certain period, or if he was discharged. *Id.* The presence of the bonus provision did not alter the Court's view that the contract was for an indefinite period. *Id.* at 218-19, 139 S.E.2d at 251.

In the present case, the bonus was not linked to the term of employment. Instead, the bonus was to be paid upon completion of a job within certain standards of quality and timeliness. In light of *Tuttle*, we disagree that the bonus provisions convert the contract into one for a definite period.

II.

[2] Wilkerson also contended in his brief that a provision in the compensation package faxed to him, which discussed paying him a bonus for each house completed under certain conditions, constituted a separate contract. The record, however, does not reflect an acceptance of the terms of the bonus provision.

> To constitute a valid contract, the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode agreed on by which they may be settled, there is no agreement.

*Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 657, 267 S.E.2d 584, 586 (1980).

The letter Wilkerson sent after receiving the fax purported to accept the employment offer. However, it stated in pertinent part

KOONTZ v. DAVIDSON COUNTY BD. OF ADJUST.

[130 N.C. App. 479 (1998)]

that "[a]ll of the terms . . . which we discussed and you outlined in your fax on November 4th, are acceptable with the exception[ ] of item #5. I have discussed the language differences with Suzanne and feel that we can reach an agreement that is beneficial to both you and myself."

A " 'contract to make a contract' " is not an enforceable agreement. *Northington v. Michelotti*, 121 N.C. App. 180, 184, 464 S.E.2d 711, 714 (1995) (quoting 1 Joseph M. Perillo, *Corbin on Contracts*, § 2.8(a) (revised edition 1993)). Wilkerson's deposition testimony indicates that the parties never reached an agreement as to the terms of the compensation package. Accordingly, we conclude there is no separate contract between the parties based on the bonus provisions. We also note that Wilkerson admitted at his deposition that he was owed no money under the bonus provisions.

As we conclude that there was no definite term of employment, and no separate contract to base an action upon, the employment-at-will rule governs. Accordingly, the trial court did not err in granting summary judgment in favor of Carriage Park.

Affirmed.

Judges GREENE and MARTIN, Mark D., concur.