**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GEORGE RAZOR,
Plaintiff-Appellant,

v.                                                                    No. 98-2307

PERDUE FARMS, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Terrence W. Boyle, Chief District Judge.
(CA-98-17-2-BO)

Submitted: January 29, 1999

Decided: April 1, 1999

Before NIEMEYER and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel F. Read, Durham, North Carolina, for Appellant. Brian M.
Freedman, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES,
L.L.C., Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Razor appeals the district court's dismissal under Fed. R. Civ. P. 12(c) of his state law wrongful discharge action for failure to state a claim. We affirm.

We review de novo the district court's order granting judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). See Gustafson v. Jones, 117 F.3d 1015, 1017 (7th Cir. 1997). The district court applies the same standard under Rule 12(c) as it applies under Fed. R. Civ. P. 12(b)(6). Id. Taking the nonmoving party's allegations as true, dismissal is inappropriate unless it appears beyond doubt that the nonmoving party can prove no facts sufficient to support his claim for relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Razor asserted in his verified complaint that on November 19, 1996, he suffered an injury at work and was referred to Perdue's on-site wellness center. A physician at the center diagnosed him with a lumbar strain and ordered him to return to work with lifting restrictions and a recommendation that he take regular breaks. After returning to work Razor continued to suffer back pain but his supervisors told him there was nothing wrong with him and ordered him to continue working. On December 5, 1996, Razor sought treatment from Dr. Meredith Anthony, a private physician. Dr. Anthony advised Razor to participate in physical therapy and to rest his back for two weeks. Perdue refused to accept a note Razor presented reflecting Dr. Anthony's advice, and informed Razor that he was required to return to work. Razor ignored Perdue's admonition to return to work and, acting "in good faith," followed Dr. Anthony's advice by remaining out of work and undergoing physical therapy. Perdue then fired Razor, and thereafter he filed a workers' compensation claim with the North Carolina Industrial Commission.

We agree with the district court that Razor's complaint fails to state a basis for relief under North Carolina law. Razor first claims that Perdue wrongfully discharged him in violation of N.C. Gen. Stat. § 95-241 (1993). To recover in an action brought pursuant to N.C. Gen. Stat. § 95-241, a "plaintiff must show: 1) discharge or demotion,

2) caused by good faith institution of workers' compensation proceedings, or testimony or anticipated testimony, in those proceedings." Burrow v. Westinghouse Elec. Corp., 363 S.E.2d 215, 217 (N.C. Ct. App. 1988) (discussing N.C. Gen. Stat. § 97-6.1 (1991), the predecessor to the current statute); see Abels v. Renfro Corp., 486 S.E.2d 735, 739 (N.C. Ct. App. 1997) (recognizing § 95-261 as recodification of § 97-6.1).

Razor merely asserts that Purdue discharged him after he opted to follow the course of treatment prescribed by Dr. Anthony and that thereafter he filed a workers' compensation claim. Razor fails to allege, however, that his discharge was caused by the good faith institution of the workers' compensation proceedings, as is necessary to state a claim under N.C. Gen. Stat. § 95-241.

Razor also claims that Perdue discharged him in violation of North Carolina public policy. "[I]n the absence of a contractual agreement between an employer and an employee establishing a definite term of employment, the relationship is presumed to be terminable at the will of either party without regard to the quality of performance of either party." Kurtzman v. Applied Analytical Indus. , 493 S.E.2d 420, 422 (N.C. 1997). As a general rule in North Carolina, an at-will employee has no claim for wrongful discharge. See Lorbacher v. Housing Auth. of City of Raleigh, 493 S.E.2d 74, 79 (N.C. Ct. App. 1997); see also Guy v. Travenol Labs., Inc., 812 F.2d 911, 912-15 (4th Cir. 1987). Although North Carolina courts have expressed a limited willingness to recognize an exception to the at-will employment doctrine for reasons of public policy, those exceptions have been "designed either to prohibit status-based discrimination or to insure the integrity of the judicial process or the enforcement of the law." Kurtzman, 493 S.E.2d at 423.

In his complaint, Razor contended that Purdue discharged him in retaliation for following the advice of a private physician instead of returning to work as ordered by the physician at the on-site wellness center. We find this contention insufficient to state a recognized cause of action under North Carolina's public policy exception to the employment-at-will doctrine.

Accordingly, we affirm the district court's order dismissing Razor's complaint for failure to state a claim. We dispense with oral

argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4