******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., dissenting. Only by resorting to an act of linguistic origami could the written words of our common language be sufficiently contorted to reach the conclusion achieved by the majority today. While the majority accurately observes that a reviewing court applies plenary review to resolve the threshold question of whether a contract is plain and unambiguous, in the present case it has discerned shadows in the express language of the contract[1] between the plaintiff, Norma I. Cruz, and the defendant Visual Perceptions, LLC,[2] that the clarity of bright light simply does not substantiate. I am compelled, therefore, to dissent.

The document,[3] entitled "Norma Cruz Employment Contract," provides: a specific term—a "[thirty-six] month period"; the dates of commencement and termination of this term—"starting April 1, 2007 and ending March 31, 2010"; the number of paid personal days that the plaintiff "will have" for vacation or sick time for each year during this term—ten days in 2007, twelve days in 2008, fourteen days in 2009, fifteen days in 2010; and the defendant's obligation to cover any increase in the plaintiff's health insurance premium "for the duration of the contract." The agreement also sets forth every essential term of the plaintiff's employment— title, responsibilities, schedule (hourly by day), compensation (salary and bonuses), and the value of each benefit provided (matching IRA, health and dental insurance). The contract is signed by the plaintiff and Robert W. Aube, Jr., the principal of the defendant. In my view, it is abundantly clear that, with every salient provision spelled out in detail, this document is an employment contract for a definite term of thirty-six months. Cf. *Wilkerson* v. *Carriage Park Development Corp.*, 130 N.C. App. 475, 477–78, 503 S.E.2d 138 (employment contract specifying compensation at yearly, monthly, weekly, or daily rate is contract for indefinite period unless it also specifies term of service), review denied, 349 N.C. 534, 526 S.E.2d 478 (1998). As such, it could be terminated only for good or just cause. See *Slifkin* v. *Condec Corp.*, 13 Conn. App. 538, 549, 538 A.2d 231 (1988) ("[a]n employment contract for a definite or determinable term . . . may be terminated by either party only for good or just cause").

The majority's summary conclusion that a document, denominated by the parties as an "Employment Contract" and that includes a specified term of thirty-six months "starting from April 1, 2007 and ending March 31, 2010," is somehow "ambiguous as to whether it was intended to constitute a contract of employment for a definite term," strains the words used by the parties in their contract beyond their natural meaning and is unwarranted. Similarly, the majority can only reach its

conclusion that the language "providing that any increase in health insurance premiums would be absorbed by the defendant '*for the duration of the contract*' does not plainly and unambiguously indicate what the parties intended the duration of the agreement to be"; (emphasis added); by speculating that the parties could have been referring to some period *other than the thirty-six month term* specifically provided in the document captioned as their "[c]ontract." The majority has undertaken exactly the type of tortured interpretation of the contract's language to discern an ambiguity that this court previously has deemed improper. See *United Illuminating Co.* v. *Wisvest-Connecticut, LLC*, 259 Conn. 665, 670, 791 A.2d 546 (2002). In achieving that result, the majority has failed to read the contract in its entirety and to give effect to every one of its provisions if at all possible, most particularly the contractual term of three years. See id., 670–71.

Indeed, almost as telling as what is included in the contract is what is omitted. There is no language even remotely *implying* a reservation of the defendant's right to terminate the plaintiff at will, any condition on the rights provided therein, an intention to maintain any preexisting employment arrangements, or an intention to resolve limited issues in dispute on a going forward basis should the plaintiff's employment continue to the defendant's satisfaction. As the drafter of the contract, Aube readily could have included such terms. See *Orr* v. *Westminster Village North, Inc.*, 689 N.E.2d 712, 717 (Ind. 1997) ("[i]f there is an employment contract for a definite term, and the employer has not reserved the right to terminate the employment before the conclusion of the contract, the employer generally may not terminate the employment relationship before the end of the specified term except for cause or by mutual agreement"); *Cape* v. *Greenville County School District*, 365 S.C. 316, 319, 618 S.E.2d 881 (2005) ("An employment contract for an indefinite term is presumptively terminable at will, while a contract for a definite term is presumptively terminable only upon just cause. These are mere presumptions, however, which the parties can alter by express contract provisions."). Although the contract also does not specifically provide that the plaintiff could be terminated only for good cause, there was no need to so provide in light of well settled law, previously cited, recognizing that such a condition is implied in a contract for a definite term. See also *Taravella* v. *Wolcott*, 599 F.3d 129, 134 (2d Cir. 2010) ("Under Connecticut law, employment is at-will by default, and parties must specifically contract a right to be terminated only for cause. . . . An exception exists for contracts that create employment for a fixed period." [Citation omitted.]).

Therefore, it is unnecessary and improper, in my view, to remand the case to the trial court to allow consideration of extrinsic evidence to ascertain

whether the parties intended to create a contract for a specific term such that the plaintiff could not be terminated except for good cause. The defendant should be bound by its own unambiguous manifestation of intent. By concluding to the contrary, the majority finds textual ambiguity where there is none.

I respectfully dissent.

[1] Throughout its opinion, the majority has chosen to characterize this contract as a "letter agreement," despite the fact that the document itself is denominated as a contract. Because the majority analyzes the issue on appeal under the law of contracts and in no way suggests that the terms and conditions in the signed "letter agreement" would not be binding on the parties irrespective of which interpretation the trial court deems proper on remand, I refer to the agreement as a contract—as did the parties, the trial court and the Appellate Court.

[2] See footnote 2 of the majority opinion. All references to the defendant herein are to Visual Perceptions, LLC.

[3] See footnote 3 of the majority opinion for the full text of the contract at issue.

————————————————