GEO. W. SWEPSON v. JOHN C. HARVEY and others.

A suit in our former Courts of Equity by A, the equitable assignee of a bond against B, the assignor, to compel B to allow the use of his name in a suit at law against D, the obligor in the bond, which suit was dismissed, is no bar to a suit by A, the party in interest, under the new system against D.

Nor does the fact that after the equity suit was dismissed, D having notice of the equitable assignment, paid off the bond to B, affect A's right to recover.

The record of a suit between A and B, in which a certain assignment was adjudged valid, is no evidence of the validity of such assignment in a suit between A and D, D being no party to the former suit.

CIVIL ACTION, tried before *Tourgee, J.,* at Spring Term, 1873, of the Superior Court of ALAMANCE county.

The facts pertinent to the points decided in this case, with the exceptions and objections taken upon the trial in the Court below, are fully set out in the opinion of this Court.

Upon the issues submitted to them, the jury found a verdict for the plaintiff. From the judgment rendered in accordance with the verdict, the defendants appealed.

*Wm. A. Graham,* for appellants.
*Dillard, Scott & Smith,* contra.

READE, J.   It appears that the defendants were indebted by bond to one Palmer, and that Palmer made an equitable assignment of the bond before due to one Ireland, and that Ireland made an equitable assignment of the bond before due

to the plaintiff. Of all which the defendant had notice, so that the defendants became the debtors of the plaintiff. This was prior to the adoption of the present Constitution, abolishing the distinction between courts of law and courts of equity. And in suing the defendants in a court of law, as the plaintiff did, he was obliged to sue in the name of Palmer, the payee of the bond. And Palmer moved to dismiss the suit, which compelled the plaintiff to file a bill in equity to enjoin Palmer from dismissing, and to compel him to allow the use of his name in prosecuting the suit. Upon the coming in of Palmer's answer denying the plaintiff's equity the injunction was dissolved ; and then Palmer dismissed the suit at law which the plaintiff had instituted in his name against the defendants. And the plaintiff's equity suit against Palmer was dismissed also. This was in the Fall, 1867. In 1868 the new Constitution was adopted uniting the courts of law and courts of equity ; and soon afterwards the Code was adopted enabling the real party in interest to sue, and subsequently the plaintiff brought this suit.

1. The defendant's first objection to the plaintiff's right to recover is, that the equity suit against Palmer, whether pending or dismissed, is a bar to this action. We do not think so. The object of that equity suit was not the recovery of the debt, but to compel Palmer to allow the plaintiff the use of his name in a suit at law upon the bond against the defendants. And his failure to secure the right to sue in Palmer's name, is certainly no bar to suing in his own name as soon as that remedy was provided by law.

2. The defendant's second objection is, that after Palmer dismissed the action at law which the plaintiff had instituted in his name against the defendants, they paid off the debt to Palmer. This is their loss, and if done in good faith, it is their misfortune. But still it cannot affect the plaintiff's rights.

3. The defendant's third objection is that it became necessary in this suit that the plaintiff should show the assignment from Palmer to Ireland and from Ireland to plaintiff. And in order to show the assignment from Palmer to Ireland, he offered in evidence the record of a suit which Palmer brought against Ireland to try the validity of the assignment—Palmer alleging that the assignment was obtained by fraud and duress—which suit was terminated in favor of Ireland, and in favor of the validity of the assignment to Ireland. To that suit the defendants were not parties, and they object that the record was not evidence. The record was admitted as evidence, and in that we think there was error. And for this error there must be a new trial. It was competent for the plaintiff to prove the assignment to Ireland by Palmer, the very transaction by any competent evidence; but neither the verdict of a jury, nor the judgment of a Court is evidence of the fact against any one who has an interest to deny it, and who was not a party to the suit.

It is not a judgment *in rem*, but *inter partes*, and as against the defendants, is *res inter alias acta.*

There is error.

PER CURIAM.                              *Venire de novo.*