RICHARD LEE FREEMAN v. HARDEE'S FOOD SYSTEMS, INC.

No. 68SC268

(Filed 15 January 1969)

1. Trial § 21— motion to nonsuit — consideration of evidence

On motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to him.

2. Master and Servant § 10— duration of employment contract

An employment contract which specifies the compensation at a rate per year, month, week or day but which does not specify the duration of the contract is a contract for an indefinite period terminable at the will of either party.

3. Master and Servant § 10— duration of employment — burden of proof

The burden is upon the employee to establish the specific duration of an employment contract.

4. Master and Servant § 10— duration of employment contract

An employment contract fixed the rate of compensation on a weekly basis of $165 per week the first year and $180 per week the second year with proviso that all raises thereafter would be based upon merit and length of service. No specific duration for the employment was set out. *Held:* The contract was for a general, indefinite hiring, terminable at the will of either party.

APPEAL by plaintiff from *Fountain, J.,* 28 February 1968 Session, WAYNE County Superior Court.

Plaintiff instituted this action to recover damages for an alleged breach of an employment contract between the plaintiff and the defendant. At the close of all of the evidence, the trial court sustained a motion for judgment as of involuntary nonsuit. From this judgment, the plaintiff appealed.

*Sasser, Duke and Brown by John A. Duke and Herbert B. Hulse for plaintiff appellant.*

*George K. Freeman, Jr., and Spruill, Trotter & Lane by DeWitt C. McCotter for defendant appellee.*

CAMPBELL, J.

Another phase of this case is reported in *Freeman v. Food Systems,* 267 N.C. 56, 147 S.E. 2d 590. The question in the instant case is whether or not the employment contract was for a definite term. The plaintiff contends that it was for a definite term of two years, that the termination thereof before the expiration of six months was wrongful and that this wrongful termination entitled him to damages. While admitting that the contract was entered into, the defendant denies that it was for any definite duration, particularly for a period of two years.

[1]   " 'On a motion for judgment of compulsory nonsuit, plaintiff's evidence is to be taken as true, and considered in the light most favorable to him, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. Plaintiff's evidence must be considered in the light of his allegations to the extent the evidence is supported by the allegations. . . .' " *Gibbs v. Light Co.*, 268 N.C. 186, 150 S.E. 2d 207.

Applying this rule to the evidence, we find that prior to February 1965 the plaintiff lived and worked in Goldsboro, North Carolina. He answered a blind advertisement, and pursuant thereto he began negotiations with the defendant for employment. He first communicated with Mr. Looney, the personnel manager for the defendant and later with Mr. Rawls. The plaintiff testified:

"I told Mr. Rawls that if we would enter into a contract for two years by paying me $165.00 a week the first year and $180.00 a week the second year, I would go to work for them. As a result of that conversation he wrote me a letter confirming this conversation. . . . I can identify plaintiff's 'EXHIBIT No. 1.' It is a letter from Mr. Rawls confirming our two years' agreement as to our contract with Hardee's Food Systems, from Mr. Rawls to me. I received it about the 20th of February, 1965. It was signed by Mr. J. Leonard Rawls, Jr., the President. When I received the letter I telephoned Mr. Looney and told him I would accept his offer."

All of the preliminary negotiations leading up to the employment contract were finalized in the letter dated 19 February 1965. This letter, the plaintiff's Exhibit No. 1, was a definite offer of employment, and it was this offer which the plaintiff accepted. The letter reads as follows:

"HARDEE'S
FOOD SYSTEMS, INC.
P. O. Box 1619          Phone 446-5141
1901 Sunset Avenue, Rocky Mount, N. C.

February 19, 1965

Mr. Richard Lee Freeman
Box 410-B
Salem Acres
Route Six
Goldsboro, N. C.

Dear Lee:

Thank you for coming to Rocky Mount today to discuss the position of Treasurer with us. I certainly enjoyed talking with

you again. In order that there will be no misunderstanding, I wish to restate our offer to you. Your salary would be $165.00 per week for your first year of employment. At the beginning of your second year, your salary will be raised to $180.00 per week; thereafter, all raises would be based upon merit and length of service. Also at the end of your first year, we would reimburse you for the money you had spent in employment fees (some $700). In addition, we will pay your moving costs from Goldsboro to Rocky Mount. I certainly hope that you will accept our offer and join Hardee's. The Treasurer's position will give you quite a challenge and, we think, an exceptional future. We believe that both you and your wife will be assets to our company, and we hope that you will join us.

Tom Looney has been requested to call me as soon as he hears from you. All of us hope that your reply is favorable.

Very truly yours,
s/ J. L. Rawls, Jr.
J. Leonard Rawls, Jr.
President"

Both sides admit and the evidence fully establishes an employment contract was entered into and that the plaintiff moved from Goldsboro to Rocky Mount, North Carolina, and entered into the employment of the defendant in the position of treasurer on 22 March 1965. At the time the employment terminated on 18 August 1965, the defendant paid the plaintiff $2,060.

The determination of whether an employment contract is for a definite period of time or for an indefinite period terminable at the will of either party presents a question that is by no means free of doubt. The authorities, though very numerous, are sharply conflicting. One line of cases holds that where the duration of the contract is not specified in so many words, but where the compensation is specified at a rate per year, month or week, it imports an employment for the period designated. A second line of cases holds that where the duration is not definitely specified, the contract is for an indefinite period terminable at the will of either party. The cases are collected and the variance shown in an annotation in 11 A.L.R. 469, 100 A.L.R. 834 and 161 A.L.R. 706.

[2, 3] North Carolina is correctly classified with the second line of cases. An employment contract, such as the one in the instant case, where the compensation is specified at a rate per year, month, week or day, but where the duration of the contract is not specified,

is for an indefinite period. There is no presumption that it is for any particular period of time and the rate is fixed only for whatever time the employee might actually serve. The burden is upon the employee to establish a specific duration.

In *Edwards v. R. R.*, 121 N.C. 490, 28 S.E. 137, an employment contract was based upon the following letter:

"'10 July, 1894. — W. J. Edwards, Esq., Raleigh, N. C. Dear Sir: I beg to advise that you have been appointed general storekeeper for the system, to take effect 15 July. Your salary will be eighteen hundred dollars a year. You will be in charge, etc. John H. Winder, Gen'l Manager.'"

The plaintiff there contended that he had a year-to-year contract and that he was entitled to a full year's pay. The Supreme Court held:

"The contract before us is not specific as to the *term* of service, certainly not so expressed in the writing. The plaintiff does not so insist, but says a reasonable construction thereof leads to the conclusion that the parties intended a one-year term of service. We are not able to see that such was their intention. It seems reasonable that if they had so intended they would have expressed themselves in more definite and explicit terms on so important a feature of their agreement. . . . It does not seem unreasonable that the parties intended that the service should be performed for a price that should aggregate the gross sum annually, leaving the parties to sever their relations at will, for their own convenience."

In *Malever v. Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436, the employment contract was for "a regular permanent job", but the employee was discharged after one week. The Supreme Court held:

"The general rule is, that 'permanent employment' means steady employment, a steady job, a position of some permanence, as contrasted with a temporary employment or a temporary job. Ordinarily, where there is no additional expression as to duration, a contract for permanent employment implies an indefinite general hiring, terminable at will. . . . Here, the plaintiff shows a promise of permanent employment, *simpliciter,* and no more."

In *Howell v. Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146, the Supreme Court held:

"A mere agreement to give another permanent employment, in

and of itself, implies nothing more than a general or indefinite hiring terminable at the will of either party."

To like effect, see *Long v. Gilliam,* 244 N.C. 548, 94 S.E. 2d 585; and *Tuttle v. Lumber Co.,* 263 N.C. 216, 139 S.E. 2d 249.

[4] In the instant case the employment contract fixed the rate of compensation on a weekly basis of $165 per week the first year and $180 per week the second year. The contract then provided: ". . . (T)hereafter, all raises would be based upon merit and length of service." No specific duration for the employment was set out. Since the words used show a contemplated employment of a "permanent" nature, it was "an indefinite general hiring, terminable" at the will of either party. Therefore, the plaintiff has failed to carry the burden of establishing an employment contract for a definite term of two years.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.