ALEX MUMFORD v. HUTTON & BOURBONNAIS COMPANY

No. 8025SC180

(Filed 1 July 1980)

1. **Master and Servant § 10– employment contract – duration not specified – contract terminable at will**

    In an action to recover on an employment contract which plaintiff alleged was to be for a period of three years, plaintiff's complaint was insufficient to state a claim for relief where the time specified in the parties' agreement did not set out a definite term of employment but merely set out a formula for crediting the override account, and the contract was therefore for an indefinite period, and was terminable at the will of either party.

2. **Rules of Civil Procedure § 41– motion to dismiss – hearing not conducted as summary judgment hearing**

    There was no merit to plaintiff's contention that the trial court treated defendant's motion to dismiss under G.S. 1A-1, Rule 12 (b)(6) as a hearing on a motion for summary judgment without giving plaintiff proper notice or a reasonable opportunity to present pertinent evidence, since the trial judge, by asking plaintiff if he desired to present additional evidence or amend his complaint, was doing nothing more than offering plaintiff an opportunity to correct a defective complaint; and there was no matter in the record outside of the pleading which the trial court was considering at that time.

3. **Rules of Civil Procedure § 56.1– notice of summary judgment hearing waived**

    There was no merit to defendant's contention that he was entitled to 10 days' notice of a hearing on a motion to dismiss pursuant to Rule 12 (b)(6) because it was conducted as a hearing on a motion for summary judgment, since plaintiff attended the hearing, made no motion to continue, freely participated in the hearing, and thereby waived any procedural notice required.

4. **Rules of Civil Procedure § 41– dismissal with prejudice – no abuse of discretion**

    The trial court did not abuse its discretion in dismissing plaintiff's action with prejudice where the court gave plaintiff an opportunity to amend his complaint or to offer evidence, and plaintiff declined.

Mumford v. Hutton & Bourbonnais Co.

APPEAL by plaintiff from *Ferrell, Judge.* Orders entered 21 November 1978 and 8 November 1979 in Superior Court, CATAW-BA County. Heard in the Court of Appeals 13 June 1980.

This is a suit on an employment contract, which plaintiff alleges was to be for a period of three years. Plaintiff alleges he was wrongfully discharged before the expiration of the contract and seeks damages in the sum of $75,000. A copy of the contract was attached to the complaint and made a part by reference.

Defendant answered the complaint, alleging as a first defense plaintiff's failure to state a claim upon which relief could be granted. The second defense admitted the plaintiff worked for defendant a short while, stated that plaintiff was discharged at will, and denied the existence of the employment contract alleged by the plaintiff. Other defenses were alleged as well as a counterclaim for advances. Plaintiff replied that he had earned the advances set out in the counterclaim. Defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to the provisions of Rule 12 (b)(6).

After hearing arguments of counsel and after inquiring of counsel for the plaintiff in open court whether he desired to make any amendment to the complaint or whether there was any further evidence in regard to the time duration of the contract, and plaintiff through his counsel having advised the court that he desired to make no amendment and that he had no further evidence in regard to the time duration of the contract, the trial judge dismissed plaintiff's action with prejudice. Plaintiff moved for a new trial, and thereafter the same trial judge denied the motion. Plaintiff appealed.

*Rudisill & Brackett, by J. Richardson Rudisill Jr., for plaintiff appellant.*

*Patrick, Harper & Dixon, by James T. Patrick, for defendant appellee.*

HILL, Judge.

[1] Plaintiff contends the trial judge erred in dismissing with prejudice his cause of action, pursuant to Rule 12 (b)(6), for failure to state a claim upon which relief can be granted. Plaintiff urges that under the theory of notice pleading he has given sufficient notice of events or transactions which give rise to the claim to enable the adverse party to understand the nature and basis for it, to file a responsive pleading and — by using the rules provided for obtaining pretrial discovery — to get any additional information he may need to prepare for trial. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

Nevertheless, a complaint must be dismissed when, on its face, it reveals that no law supports it, that an essential fact is missing, or a fact is disclosed which necessarily defeats it. *Mozingo v. Bank,* 31 N.C. App. 157, 162, 229 S.E. 2d 57 (1976), *disc. rev. denied* 291 N.C. 711 (1977).

Paragraph III of the plaintiff's complaint is as follows:

That on the 23rd day of November, 1976, for good and valuable consideration, the Plaintiff and the Defendant entered into a written contract providing for the employment of the Plaintiff, a copy of which is attached hereto, marked Exhibit 'A' and incorporated herein by reference as if fully set forth herein; that the Plaintiff accepted the employment as outlined by said contract and went to work for the Defendant, pursuant to the terms and provisions of said contract; that the intent of the contract as hereinbefore described was to be a three-year working contract, with both parties having options to review the same at sixty and ninety days; that the Plaintiff has faithfully fulfilled all of his obligations under said contract and was continued by the Defendant after the sixty-day and ninety-day review.

The pertinent parts of Exhibit "A" referred to above are as follows:

4) Hutton & Bourbonnais will start your salary at $12,000.00 per year. If both you and the company are satisfied, this will be raised at the end of a 60 day period to

Mumford v. Hutton & Bourbonnais Co.

$15,000.00 per year. Again, if both you and the company are satisfied, this will be raised to $18,000.00 a year at the end of 90 days.

5) In addition to the above salary, Hutton & Bourbonnais will advance $1000.00 per month debit to your over ride account which you may draw against up to the full $1000.00. The company will credit this account as follows:

> For the first year of your employment, you will receive an over ride of 1% on all new accounts (i.e. 76-77 accounts) which have been brought into the company regardless of who is responsible for the account. In the second and third years of your employment you will receive ½ of 1% of these accounts, (i.e. 76-77 account). At the end of the third year, these become house accounts. In the second year of your employment, the same will apply with the new accounts for the 77-78 accounts at the same ½ of 1%; starting point is $4,000,000.00 sales. The company will furnish you a list of present accounts and you will have for your use a computer readout on a weekly basis.

> The company agrees to review this agreement with you at the end of six months. At the end of one year's time and each six months thereafter the draw account will be reconcilled [sic].

The complaint and the exhibit do not indicate a definite term of employment. The time specified in the agreement is nothing more than a formula for crediting the override account. Such a provision as a matter of law does not establish a definite term of employment. *Freeman v. Hardee's Food Systems*, 3 N.C. App. 435, 165 S.E. 2d 39 (1968). When the duration of employment is not definitely specified, the contract is for an indefinite period, terminable at the will of either party. *Freeman, supra.*

Plaintiff contends, however, that the pleadings and exhibit do not include the entire contract between the parties and that part of the contract was oral. Plaintiff further points out that his complaint sets forth " . . . that the intent of the contract, as

hereinbefore described, was to be a three-year working contract, with both parties having options to review the same at sixty and ninety days." The complaint does not refer to an oral contract, only a written contract, and the reference to the "intent of the contract" refers only to plaintiff's conclusions as to the effect of its provisions.

At the hearing on the motion, the trial judge asked counsel for the defendant whether there was further evidence in regard to time duration other than the written agreement, or whether plaintiff desired to amend his complaint. Plaintiff's counsel advised the court that he desired to make no amendment and had no further evidence in regard to time duration. Plaintiff now contends that he did have other evidence to complement the written agreement but was not prepared to offer it at the time. However, in his motion for a new trial, plaintiff states: "It is true that at this hearing Plaintiff had available no other evidence as to the time duration of the contract, but this is not to say that upon adequate discovery and live testimony at a trial of this matter, such other evidence could not be presented ... ." Plaintiff was given adequate opportunity by the trial judge to amend his complaint to broaden the terms of the employment contract to show duration. He declined to do so. Plaintiff denied the existence of such evidence then. The trial judge had every right to believe him. He may not now go on a fishing expedition to find substantive facts, if any there be, which, due to the nature of this action, must have been within his personal knowledge prior to filing his complaint.

Plaintiff's first assignment of error is overruled.

[2] Next, plaintiff contends the trial judge treated the motion to dismiss under Rule 12 (b)(6) as a hearing on a motion for summary judgment as provided in Rule 56 without giving the plaintiff proper notice or a reasonable opportunity to present pertinent evidence. Counsel for plaintiff argues that he did not bring evidence of the time duration of the contract with him to the hearing because he had no notice that such evidence would be required at the hearing; that when the court asked for further evidence the court was treating the hearing as one for summary judgment as allowed by Rule 12 (d), and plaintiff was

Mumford v. Hutton & Bourbonnais Co.

entitled to be given an opportunity to present all material as provided in Rule 56.

Plaintiff did not request additional time. By asking the plaintiff if he desired to present additional evidence or amend his complaint, the trial judge was doing nothing more than offering the plaintiff an opportunity to correct a defective complaint. We do not observe any matter in the record outside of the pleadings under consideration at that time. This assignment of error is overruled.

[3,4] Plaintiff further argues that even if the dismissal under Rule 12 (b)(6) were warranted, it should have been entered without prejudice. The effect of a dismissal with prejudice is to preclude subsequent litigation to the same extent as if the action had been tried to a final adjudication on the merits, and to make the usual rules of *res judicata* applicable. *Barnes v. McGee*, 21 N.C. App. 287, 289, 204 S.E. 2d 203 (1974). He further contends he was entitled to 10 days' notice since the matter was tried as in summary judgment. (Rule 56) At most, plaintiff argues his was a defective statement of a good cause of action, and he ought to be allowed to amend.

The case was duly calendared for hearing in November 1978. Plaintiff attended the hearing and made no motion to continue. He freely participated in the hearing. By doing so, plaintiff waived any procedural notice required. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953); *Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978).

As provided under Rule 41 (b), the court in its discretion had authority to dismiss the action with prejudice. The court offered plaintiff an opportunity to amend or to offer evidence, which was declined. We find no error in this assignment.

The trial judge heard plaintiff's motion for a new trial under Rule 59 and denied the motion. The court's decision is not reviewable on appeal, absent manifest abuse of discretion. *Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977). There is no evidence of any abuse of discretion in the record before this Court, and this assignment is denied.

Plaintiff has not set out Assignment of Error No. 1 in his brief, cited authority, nor argued its cause. This assignment is deemed abandoned under Appellate Rule 28 (b)(3).

The orders of the trial judge are

Affirmed.

Judges ARNOLD and ERWIN concur.