MARILYN WILLIAMS, Plaintiff v. NEW HOPE FOUNDATION, INC., Defendant

No. COA08-19

(Filed 2 September 2008)

**Employer and Employee— retaliatory discharge—ratio of damages to attorney fees—no abuse of discretion**

The trial court did not abuse its discretion in a retaliatory discharge action by awarding $25,000.00 in attorney fees and $2,534.14 in costs to plaintiff pursuant to N.C.G.S. § 95-25.22(d) on damages of $72.00 (for unpaid wages and liquidated damages).

The purpose of the statute is to provide relief for a person who has sustained damage so small that defendant would have an unjustly superior bargaining position in settlement negotiations.

Appeal by defendant from order entered on or after 18 June 2007 by Judge J. Richard Parker in Hertford County Superior Court. Heard in the Court of Appeals 20 August 2008.

*Glenn, Mills, Fisher & Mahoney, P.A., by Stewart W. Fisher, for plaintiff-appellee.*

*Hairston Lane Brannon, P.A., by Anthony M. Brannon, for defendant-appellant.*

TYSON, Judge.

New Hope Foundation, Inc. ("defendant") appeals from order entered, which awarded Marilyn Williams ("plaintiff") attorney's fees and costs. We affirm.

## I. Background

On or about 18 June 2005, plaintiff was discharged from her employment with defendant. Plaintiff filed an employment discrimination complaint with the North Carolina Department of Labor Workplace Retaliatory Discrimination Division ("DOL"). On or about 16 September 2005, the DOL issued a "Right to Sue" letter, to enable plaintiff the right to file a lawsuit under the North Carolina Retaliatory Employment Discrimination Act ("REDA").

On 26 November 2005, plaintiff filed a complaint, which alleged claims for relief under REDA and the North Carolina Wage and Hour Act ("Wage Act"). Defendant denied all allegations. An order allowing plaintiff to file an amended complaint, to add a claim for wrongful discharge, was granted on 26 February 2007. The case was tried the week of 9 April 2007 and the jury awarded plaintiff $36.00 in unpaid wages incurred as a result of unpaid travel expenses. The trial court then awarded an additional $36.00 in liquidated damages. Defendant did not appeal the jury's verdict nor the judgment entered thereon.

On 22 May 2007, plaintiff moved "for an award of attorney's fees and costs[]" pursuant to N.C. Gen. Stat. § 95-25.22(d). Plaintiff requested $50,100.00 in attorney's fees and $3,982.19 in costs. The trial court awarded plaintiff attorney's fees of $25,000.00 and costs of $2,534.14 on 18 June 2007. Defendant appeals.

## II.  Issue

Defendant argues the trial court erred when it granted plaintiff's motion for attorney's fees and costs.

## III.  Standard of Review

"The case law in North Carolina is clear that to overturn the trial judge's determination [of attorney's fees and costs], the defendant must show an abuse of discretion." *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982) (citation omitted), *disc. rev. denied*, 307 N.C. 468, 299 S.E.2d 221 (1983). To show an abuse of discretion, the defendant must prove that the trial court's ruling was "manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (internal citation omitted).

## IV.  N.C. Gen. Stat. § 95-25.22

Defendant argues the trial court abused its discretion when it awarded $25,000.00 in attorney's fees and $2,534.14 in costs when a judgment of only $72.00 was awarded to plaintiff and the remaining claims for violation of REDA and wrongful discharge were dismissed with prejudice. We disagree.

"The general rule is that attorney fees may not be recovered by the successful litigant as damages or a part of the court costs, unless expressly authorized by statute or a contractual obligation." *Whiteside Estates, Inc. v. Highlands Cove, L.L.C.*, 146 N.C. App. 449, 466-67, 553 S.E.2d 431, 443 (2001) (citing *Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980)), *disc. rev. denied*, 356 N.C. 315, 571 S.E.2d 220 (2002).

N.C. Gen. Stat. § 95-25.22(d) (2005) states, "[t]he court, in any action brought under this Article *may, in addition to any judgment awarded plaintiff*, order costs and fees of the action and reasonable attorneys' fees to be paid by the defendant." (Emphasis supplied). Before awarding attorney's fees, the trial court must make specific findings of fact concerning: (1) the lawyer's skill; (2) the lawyer's hourly rate; and (3) the nature and scope of the legal services rendered. *In re Baby Boy Searce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413, *disc. rev. denied*, 318 N.C. 415, 349 S.E.2d 590 (1986); *see also Kelly v. N.C. Dep't of Env't & Natural Res.*, 192 N.C. App. 129,

**WILLIAMS v. NEW HOPE FOUND., INC.**

[192 N.C. App. 528 (2008)]

——, —— S.E.2d ——, —— (2008) ("Although the award of attorney's fees is within the discretion of the trial judge . . ., the trial court must make findings of fact 'as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney.' " (Quoting *N.C. Dep't of Corr. v. Myers*, 120 N.C. App. 437, 442, 462 S.E.2d 824, 828, *aff'd per curiam*, 344 N.C. 626, 476 S.E.2d 364 (1996))).

In *Whiteside Estates, Inc.*, the defendant appealed attorney and expert witness fees awarded under the Sedimentation Pollution Control Act of 1973. 146. N.C. App. at 468, 553 S.E.2d at 444. The record on appeal revealed that "detailed invoices for legal fees were submitted to the trial court along with an affidavit of . . . [the] plaintiff's counsel, which set forth the hourly rates for the legal services rendered, the fact that the hourly rates charged were commensurate with the type of work involved, and [were] within the range of such fees and charges customarily charged in the community." *Id.* This Court affirmed the trial court's award of attorney's fees and stated, "[the] [d]efendant . . . presented no evidence that the trial court ignored its motion, responses, or arguments. Absent such a showing by [the] defendant, we cannot find an abuse of discretion." *Id.* at 469, 553 S.E.2d at 444.

Here, defendant concedes that the trial court's factual findings with regard to the skill and hourly rate of plaintiff's counsel are adequate, but disputes the trial court's findings with regard to the nature and scope of the legal services rendered:

(6) That the hours expended by [p]laintiff's counsel in order to obtain a verdict in [p]laintiff's favor were reasonable considering the issues in this case and the manner in which the case was defended.

(7) That the Court has taken into consideration the jury's verdict on the [REDA] claim and the fact that the jury ultimately ruled in favor of [d]efendant on its affirmative defense. That the Court is not awarding fees for this cause of action.

(8) That the Court has taken into account the nature of the settlement negotiations between the parties and finds that it was reasonable and necessary for [p]laintiff to seek a jury trial of her case.

[9] That the fees being awarded by the Court were necessary to the prosecution of this case and the rendering of a final judg-

ment in favor of [p]laintiff on her claim for unpaid wages under the Wage and Hour Act.

Defendant has failed to show that the trial court, in making these findings: (1) did not hear all of the attorneys' arguments; (2) observe their litigation strategies; (3) watch their examination of witnesses; (4) rule on their evidentiary objections; (5) read their briefs; (6) listen to their summations of the evidence; and (7) consider their post-trial motions. "Absent such a showing by defendant, we cannot find an abuse of discretion." *Id.*

Adopting the position advocated by defendant could hinder future parties from litigating claims when attorney fees and costs might outweigh the award received. In *Hicks v. Albertson,* our Supreme Court reviewed an award of attorney's fees in a property damage claim case. 284 N.C. 236, 200 S.E.2d 40 (1973). Our Supreme Court affirmed the trial court's award and stated:

> The obvious purpose of th[e] statute [at issue was] to pro-vide relief for a person who has sustained injury or property dam-age in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations.

*Id.* at 239, 200 S.E.2d at 42. Here, although plaintiff's claim for attor-ney's fees and costs stemmed from a jury's verdict awarding plaintiff unpaid wages, the same reasoning articulated by our Supreme Court in *Hicks* is equally applicable. 284 N.C. at 239, 200 S.E.2d at 42.

Based upon our Supreme Court's reasoning in *Hicks* and this Court's reasoning in *Whiteside Estates, Inc.,* defendant has failed to show the trial court abused its discretion when it awarded to plaintiff attorney's fees and costs pursuant to N.C. Gen. Stat. § 95-25.22. *Hicks,* 284 N.C. at 239, 200 S.E.2d at 42; *Whiteside Estates, Inc.,* 146 N.C. App. at 469, 553 S.E.2d at 444. This assignment of error is overruled.

## V. Conclusion

Defendant failed to show that the trial court's order "was so arbi-trary that it could not have been the result of a reasoned decision." *White,* 312 N.C. at 777, 324 S.E.2d at 833. The trial court's order, which awarded attorney's fees and costs to plaintiff, is affirmed.

Affirmed.

Judges CALABRIA and ELMORE concur.