JERRIAN O. LOCKETT, Plaintiff v. SISTER-2-SISTER SOLUTIONS, INC.
AND ROSA S. LOCKETT (aka ROSA SUTTON), Defendants

No. COA09-1387

(Filed 4 January 2011)

## 1. Corporations— piercing corporate veil—allegation not sufficient

The trial court did not err by granting summary judgment for defendant Lockett on a breach of contract claim arising from plaintiff's employment termination. Plaintiff alleged that the corporate veil should be pierced to reach Lockett but did not provide a forecast of evidence to oppose defendant's motion.

## 2. Civil Procedure— summary judgment—deposition not considered—no prejudice

The trial court should have reviewed a deposition plaintiff attempted to offer in opposition to a motion for summary judgment, but there was no prejudice because plaintiff offered the deposition on a different issue and did not offer evidence that may have created a genuine issue of fact on the issue at hand.

## 3. Employer and Employee— Wage and Hour Claim—summary judgment for defendant

The trial court did not err by granting summary judgment for defendant Lockett on a Wage and Hour claim arising from plaintiff's employment termination where plaintiff did not offer evidence to support the existence of a genuine issue of material fact.

## 4. Trials— directed verdict—based upon ruling of prior judge

The trial court erred by directing a verdict for defendant Sister-2-Sister and dismissing plaintiff's breach of contract claim in an action arising from an employment dispute. The trial court was not free to conclude that the contract was legally unenforceable because of prior rulings by two courts.

## 5. Trials— enforceability of contract—ruling by first judge determinative

A trial court did not err by basing its determination of whether a contract was enforceable on a prior determination by another judge where defendant argued that the second judge had

the benefit of hearing evidence and could properly reconsider the conclusion of the first. The first and second judge based their conclusions on the law and the face of the contract, which are not affected by evidence of a person's intent or understanding. Furthermore, one superior court judge may not correct another's errors of law.

**6. Contracts— enforceability—at-will doctrine—erroneous ruling prejudicial**

There was prejudice from the court's erroneous ruling that the parties' employment contract was unenforceable where granting a new trial placed plaintiff in an improved position.

**7. Attorney Fees— amount—findings not sufficient**

The trial court abused its discretion in the amount of attorney fees it awarded to plaintiff in an employment termination case where the court did not enumerate any findings as to counsel's skill or hourly rate or as to the nature and scope of the legal services rendered.

Appeal by plaintiff from orders entered 6 November 2008 by Judge Howard Manning and 13 November 2008, 16 March 2009, and 20 April 2009 by Judge Allen Baddour in Chatham County Superior Court. Heard in the Court of Appeals 25 March 2010.

*Lewis Phillips Hinkle, PLLC, by Brian C. Johnston and Elliot I. Brady, for plaintiff-appellant.*

*Wilson & Reives, PLLC, by Antwoine L. Edwards, for defendants-appellees.*

JACKSON, Judge.

Jerrian O. Lockett ("plaintiff") appeals the trial court's 6 November 2008 order, which granted summary judgment in favor of defendant Rosa S. Lockett ("Lockett") as to his breach of contract claim; 13 November 2008 order, which granted summary judgment in favor of Lockett as to the claim pursuant to the North Carolina Wage and Hour Act; 16 March 2009 orders, which directed verdict in favor of defendant Sister-2-Sister Solutions, Inc. ("Sister-2-Sister"), dismissed plaintiff's breach of contract claim, and awarded attorneys' fees to plaintiff; and 20 April 2009 order, which denied plaintiff's motion to amend judgment. For the reasons stated herein, we affirm in part, reverse in part, and remand in part.

LOCKETT v. SISTER-2-SISTER SOLUTIONS, INC.

[209 N.C. App. 60 (2011)]

Plaintiff and Lockett were husband and wife when this action commenced. Lockett and her sister formed Sister-2-Sister in 2000 or 2001, and Lockett directed the day-to-day business of Sister-2-Sister throughout its lifetime. Lockett's sister left Sister-2-Sister in 2002 or 2003. Plaintiff had been employed by Sister-2-Sister at various times prior to the summer of 2006.

During the summer of 2006, plaintiff and Lockett negotiated the terms of an employment contract ("the contract") so that plaintiff would return to North Carolina from his job in Texas. The contract provided, in part, that it could be terminated only for cause: "[Plaintiff] will not be dismissed from Sister 2 Sister One Transportation unless contract has been broken, or not [ful]filling his duty as indicated above." Plaintiff alleges that on or about 31 July 2007, Sister-2-Sister terminated plaintiff's employment and that, at that point, plaintiff had not been paid for work he had performed during July 2007.

On 11 January 2008, plaintiff filed his complaint against Sister-2-Sister and Lockett ("defendants"), alleging breach of contract and violation of the North Carolina Wage and Hour Act ("Wage and Hour Act"). As part of his complaint, plaintiff alleged that Sister-2-Sister "has no independent identity apart from . . . Lockett," and the trial court, therefore, should "pierce the corporate veil and treat [Sister-2-Sister] as the alter ego of . . . Lockett."

On or about 17 October 2008, defendants moved for partial summary judgment as to plaintiff's breach of contract claim. At the 30 October 2008 hearing on the motion, plaintiff attempted to introduce deposition testimony from Lockett, but the trial court would not receive it. On 6 November 2008, the trial court granted the motion as to Lockett and denied it as to Sister-2-Sister, concluding, *inter alia,* that plaintiff and Sister-2-Sister "entered into an enforceable contract for employment on or about August 9, 2006[,] which contract provided that plaintiff could only be terminated for cause." Lockett then moved for summary judgment as to plaintiff's claim based upon the Wage and Hour Act, and on 13 November 2008, the trial court granted her motion and dismissed her from the action.

At the close of plaintiff's evidence during the 26 February 2009 trial, Sister-2-Sister moved for a directed verdict. On 16 March 2009, the trial court entered a directed verdict in favor of Sister-2-Sister and dismissed plaintiff's breach of contract claim, concluding, *inter alia,*

Pursuant to the holding of the Court of Appeals in *Freeman v. Hardee's Food Systems, Inc.*, 3 N.C. App. 435, 165 S.E.2d 39 (1969), among other cases, the August 10, 2006 employment contract executed by plaintiff and [Sister-2-Sister] is not an enforceable employment contract, and plaintiff's employment with [Sister-2-Sister] was terminable at the will of either party.

On the same date, the trial court entered judgment in favor of plaintiff as to his claim pursuant to the Wage and Hour Act. The trial court awarded plaintiff $840.00 for unpaid wages, $840.00 for liquidated damages, $7,500.00 for reasonable attorneys' fees, and $344.00 for costs for filing and service fees. On 26 March 2009, plaintiff moved for amendment of judgment, which was denied on 20 April 2009. Plaintiff now appeals the trial court's 6 November 2008, 13 November 2008, 16 March 2009, and 20 April 2009 orders.

[1] Plaintiff first argues that the trial court erred by granting summary judgment in favor of Lockett as to the breach of contract claim, because there exists a genuine issue of material fact as to her individual liability for breach of contract. We disagree.

We review a trial court's grant of summary judgment *de novo*. *Builders Mut. Ins. Co. v. North Main Constr., Ltd.*, 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006) (citing *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004)).

"Summary judgment is appropriate when 'there is no genuine issue as to any material fact' and 'any party is entitled to a judgment as a matter of law.'" *Id.* (quoting N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005)). We previously have explained,

> "The party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.
>
> . . . .
>
> Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial."

*Wilkins v. Safran*, 185 N.C. App. 668, 672, 649 S.E.2d 658, 661 (2007) (quoting *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003), *aff'd*, 358 N.C. 131, 591 S.E.2d 521 (2004) (per curiam)).

When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading*, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007) (emphasis added).

Here, defendants filed portions of plaintiff's deposition, an affidavit from the chairman of the Board of Directors for Sister-2-Sister, Sister-2-Sister's bylaws, and a memorandum of law in support of their motion for partial summary judgment. However, no evidence from plaintiff in opposition to the motion appears in the record. During the hearing on the motion, the trial court asked plaintiff's counsel, "What about the argument . . . that defendant makes that [Lockett] should not be a party to this case?" Plaintiff's counsel responded,

Well, Your Honor, I—I think that question—if you—if you look at our complaint here, paragraphs 4, 5, 6, and 7, I have alleged that the [trial] [c]ourt should pierce the corporate veil and hold defendant Rosa Lockett individually liable for the acts of the corporation. And certainly I think that the inquiry as to whether or not the [trial] [c]ourt should pierce the corporate veil is a fact question. And there is—there is absolutely material facts in question on whether or not it's appropriate to pierce the corporate veil here. And I haven't seen any case law in defendant's brief to the contrary that—that there is no basis to—to pierce the corporate veil in this case. So I—I think, Your Honor, that's a fact question and absolutely inappropriate for a summary judgment.

Plaintiff relies solely upon the allegations of alter ego within his complaint, which contravenes the standards set forth in North Carolina General Statutes, section 1A-1, Rule 56(e). Defendants provided evidence that Lockett was acting within the authority vested in her by Sister-2-Sister when she terminated plaintiff's employment, and in response, plaintiff did not " 'produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.' " *Wilkins*, 185 N.C. App. at 672, 649 S.E.2d at 661 (quoting *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003), *aff'd*, 358 N.C. 131, 591 S.E.2d 521 (2004) (per curiam)).

**[2]** As part of his first argument, plaintiff also contends that Lockett's deposition testimony—which plaintiff's counsel proffered to the trial court during the summary judgment hearing—should have been considered prior to the trial court's ruling upon the motion. Although we agree with plaintiff's argument, he was not prejudiced by the trial court's decision not to review Lockett's deposition testimony.

Initially we note that the trial court was required to review all of the evidence properly presented to it prior to ruling upon a motion for summary judgment. *See Schneider v. Brunk*, 72 N.C. App. 560, 564, 324 S.E.2d 922, 925 (1985) ("The trial court must consider all papers before it, including the pleadings and any depositions.") (citing *Estrada v. Jaques*, 70 N.C. App. 627, 643, 321 S.E.2d 240, 251 (1984)). Even though a trial court may exclude from its consideration an untimely affidavit, N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007) ("If the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may . . . proceed with the matter without considering the untimely served affidavit[.]"), this rule does not apply to the introduction of other evidence such as depositions, *Pierson v. Cumberland County Civic Ctr. Comm'n*, 141 N.C. App. 628, 635, 540 S.E.2d 810, 815 (2000) ("Rule 56(c) does not specify that these other forms of evidence [pleadings, depositions, answers to interrogatories, and admissions on file] be presented at any particular time, much less prior to the hearing. Therefore, we have no basis to conclude that plaintiffs [by first offering certain evidence when the summary judgment hearing was underway] violated the mandates of Rule 56(c)[.]"). Therefore, the trial court should have reviewed Lockett's deposition—which plaintiff attempted to introduce during the course of the hearing—prior to ruling upon defendants' motion for summary judgment.

Nonetheless, in the case *sub judice*, the trial court's error did not prejudice plaintiff, because plaintiff did not attempt to introduce the evidence—specifically, the depositions of the members of Sister-2-Sister's Board of Directors—that he now contends would create a genuine issue of material fact as to Lockett's individual liability. In his brief, plaintiff argues that the depositions of the members of Sister-2-Sister's Board of Directors

> show[] that the Board had no first-hand knowledge of the allegations made by Rosa Lockett regarding [p]laintiff's performance of his duties and voted to terminate [p]laintiff's employment with Sister-2-Sister based solely upon her recommendations. The

deposition testimony also shows that the Board conducted no independent investigation of the allegations of Rosa Lockett and made no effort whatsoever to verify the substance thereof.

(Internal citations omitted). Although plaintiff contends that the "deposition testimony offered to the trial court at the 30 October 2008 hearing in opposition to [d]efendants' [m]otion . . . was that of Rosa Lockett and the members of the Board of Directors of Sister-2-Sister[,]" the trial transcript discloses that he offered only Lockett's deposition.

Plaintiff offered Lockett's deposition to the trial court twice during the summary judgment hearing. The first time, plaintiff's counsel stated,

As I understand defendant's argument is is that the contract itself, taking apart whether or not my client did duties number 1 through 7, whether or not this is a valid contract because it doesn't have, as defendant's counsel argues, a definite period. I do have a copy of defendant Rosa Lockett's deposition testimony that I think is—may I approach?

The trial court then declined to accept the proffered deposition. Later in the hearing, plaintiff's counsel again offered the deposition, stating,

And if the [c]ourt is at all inclined to look at the client or the parties' intentions as to this agreement, I believe the [c]ourt has to take a look at the defendant, Rosa Lockett's, deposition testimony because she clearly states that not only was there—clearly the only reason [plaintiff] could have been terminated was for his failure to perform the exact seven duties that are set forth in the contract. And if Your Honor would like to review it, I can hand up a copy of the relevant portions of the deposition testimony.

The trial court proceeded directly to making its ruling without addressing plaintiff's offer of evidence. Not only did plaintiff fail to argue that Lockett's deposition supported a genuine issue of material fact as to her individual liability pursuant to the contract, focusing instead upon its support of the contract's enforceability, but he also failed to offer depositions from any of the board members which he now contends would support the denial of defendants' motion for partial summary judgment.

Because plaintiff did not attempt to introduce evidence that may have created a genuine issue of material fact as to Lockett's individual liability and instead, relied upon "the mere allegations . . . of his

pleading," N.C. Gen. Stat. § 1A-1, Rule 56(e) (2007), there existed no genuine issue of material fact as to Lockett's individual liability based upon the evidence before the trial court. Accordingly, the trial court did not err in granting Lockett's motion for partial summary judgment as to plaintiff's breach of contract claim.

[3] Second, plaintiff contends that the trial court erred by granting summary judgment in favor of Lockett as to the claim pursuant to the Wage and Hour Act, because there exists a genuine issue of material fact as to her individual liability pursuant to the Wage and Hour Act. Based upon our holding, *supra*, that plaintiff did not offer evidence to support the existence of a genuine issue of material fact as to Lockett's individual liability, we also hold that the trial court did not err in granting summary judgment in favor of Lockett as to plaintiff's claim pursuant to the Wage and Hour Act.

[4] Plaintiff's third contention is that the trial court erred by directing verdict in favor of Sister-2-Sister and dismissing plaintiff's claim for breach of contract. We agree.

We review a trial court's ruling upon a motion for directed verdict *de novo. Austin v. Bald II, L.L.C.*, 189 N.C. App. 338, 342, 658 S.E.2d 1, 4 (citing *Denson v. Richmond Cty.*, 159 N.C. App. 408, 411, 583 S.E.2d 318, 320 (2003)), *disc. rev. denied*, 362 N.C. 469, 665 S.E.2d 737 (2008).

This Court previously has held:

> It is well-established "that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action. Although an exception has been established for orders that do not resolve an issue but direct some further proceeding prior to a final ruling, "when the [trial] judge rules as a matter of law, not acting in his discretion, the ruling finally determines the rights of the parties unless reversed upon appellate review."

*Cail v. Cerwin*, 185 N.C. App. 176, 181, 648 S.E. 2d 510, 514 (2007) (internal citations omitted) (alteration in original).

We also have held that

> a trial judge has the power to modify or change an inter-locutory order "where (1) the order was discretionary, and (2)

LOCKETT v. SISTER-2-SISTER SOLUTIONS, INC.

[209 N.C. App. 60 (2011)]

there has been a change of circumstances." *Stone v. Martin*, 69 N.C. App. 650, 652, 318 S.E. 2d 108, 110 (1984); *see also State v. Duvall*, 304 N.C. 557, 562-63, 284 S.E. 2d 495, 499 (1981) (judge can overrule a denial of a motion for special jury venire, a discretionary motion, previously entered by another judge if "*new* evidence" is presented).

*Iverson v. TM One, Inc.*, 92 N.C. App. 161, 164, 374 S.E.2d 160, 162-63 (1988). "[T]he denial of a motion for summary judgment is an interlocutory order[.]" *Id.* at 164, 374 S.E.2d at 163.

In the case *sub judice*, the 6 November 2008 and 16 March 2009 orders both found as fact that the contract at issue, on its face, was for an undefined period of time. They both also found that the contract provided that plaintiff's employment could be terminated only for cause. Additional findings in the two orders related only to the identity of the parties and none mentioned or alluded to witness testimony. However, the two trial courts came to mutually exclusive conclusions of law based upon these findings.

On 6 November 2008, the trial court concluded as a matter of law that plaintiff and Sister-2-Sister "entered into an enforceable contract for employment on or about August 9, 2006[,] which contract provided that plaintiff could only be terminated for cause." Based upon our case law, another trial court was not free to conclude, as of 16 March 2009, that

[p]ursuant to the holding of the Court of Appeals in *Freeman v. Hardee's Food Systems, Inc.*, 3 N.C. App. 435, 165 S.E.2d 39 (1969), among other cases, the August 10, 2006 employment contract executed by plaintiff and [Sister-2-Sister] is not an enforceable employment contract, and plaintiff's employment with [Sister-2-Sister] was terminable at the will of either party.

Accordingly, the trial court erred in directing verdict in favor of Sister-2-Sister and dismissing plaintiff's breach of contract claim, because both judgments were based upon its conclusion that the contract at issue was legally unenforceable—a conclusion that it was not free to make, in light of the 6 November 2008 order that specifically had concluded that the contract was enforceable.[1]

---

1. Defendant points us to the case of *Edwards v. Northwestern Bank*, 53 N.C. App. 492, 495, 281 S.E.2d 86, 88 (" '[T]he earlier denial of a motion for summary judgment should not, in any way, be considered a barrier to later consideration of a motion for directed verdict.' ") (alteration in original) (citation omitted), *disc. rev. denied*, 304

**[5]** Sister-2-Sister contends that the second trial court "had the benefit of hearing actual evidence in the case" and therefore, properly could reconsider the conclusion of law reached by the first trial court. This argument fails. First, Sister-2-Sister's purported new evidence is "witness testimony regarding the enforceability of the parties' employment agreement." Both trial courts, however, made their conclusions based upon the law and the face of the contract, and witness testimony as to an individual's intentions or understanding of the contract's enforceability affects neither the law nor the face of the contract. Furthermore, even if the first trial court had erred in making its legal conclusion that the contract is enforceable, our case law clearly provides that "one Superior Court judge may not correct another's errors of law[.]" *Cail*, 185 N.C. App. at 181, 648 S.E.2d at 514 (internal citation omitted).

**[6]** Sister-2-Sister also argues that, even if the trial court erred in its 16 March 2009 order, the error was not prejudicial and should not result in a new trial. According to Sister-2-Sister, "any reversal or grant of a new trial would not place [p]laintiff in a better position as his claim for breach of contract is not recognized under any of the exceptions to the at-will doctrine." We disagree.

Our Rules of Civil Procedure provide that "no error or defect in any ruling or order . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action amounts to the denial of a substantial right." N.C. Gen. Stat. § 1A-1, Rule 61 (2005). In order for us to grant a request for a new trial, "[t]here must be a reasonable prospect of placing the party who asks for a new trial in a better position than the one which he occupies by the verdict." *Rierson v. Iron Co.*, 184 N.C. 363, 369, 114 S.E. 467, 470 (1922). "If he obtains a new trial he must incur additional expense, and if there is no corresponding benefit he is still the sufferer." *Id.*

In support of its argument, Sister-2-Sister primarily relies upon our Supreme Court's decision in *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 493 S.E.2d 420 (1997), *reh'g denied*, 347 N.C. 586, 502 S.E.2d 594 (1998), which noted three exceptions to

---

N.C. 389, 285 S.E.2d 831 (1981). However, that quotation from *Edwards*, in context, merely emphasizes that motions for summary judgment and directed verdict differ as to the legal standards applied and the burdens placed upon the parties. It does not support the contention that one trial court's conclusion of law, based upon the same findings of fact, can be overruled by a second trial court.

our state's presumption of employment-at-will: (1) "parties can remove the at-will presumption by specifying a definite period of employment contractually[,]" (2) "federal and state statutes have created exceptions prohibiting employers from discharging employees based on impermissible considerations such as the employee's age, race, sex, religion, national origin, or disability, or in retaliation for filing certain claims against the employer[,]" and (3) "this Court has recognized a public-policy exception to the employment-at-will rule." *Id.* at 331, 493 S.E.2d at 422 (citations omitted). However, other cases appear to refer interchangeably to employment for a definite period of time and employment that is terminable only for cause when determining whether a contract is subject to the presumption of at-will employment. *See e.g. Wuchte v. McNeil,* 130 N.C. App. 738, 740, 505 S.E.2d 142, 144 (1998) ("An employee is presumed to be an employee-at-will absent a definite term of employment or a condition that the employee can be fired only 'for cause.' ") (citation omitted); *Houpe v. City of Statesville,* 128 N.C. App. 334, 344, 497 S.E.2d 82, 89 ("A viable claim for breach of an employment contract must allege the existence of contractual terms regarding the duration or means of terminating employment.") (citing *Tatum v. Brown,* 29 N.C. App. 504, 505, 224 S.E.2d 698, 699 (1976)), *disc. rev. denied,* 348 N.C. 72, 505 S.E.2d 871 (1998); *Mortensen v. Magneti Marelli U.S.A.,* 122 N.C. App. 486, 489, 470 S.E.2d 354, 356 ("The terms of the employment agreement do not expressly state, or imply, that the employment was to be permanent or that the plaintiff could be discharged only for cause. It thus follows that the relationship between the plaintiff and the defendant was terminable at the will of either party for any reason . . . ."), *disc. rev. denied,* 344 N.C. 438, 476 S.E.2d 120 (1996).

Even the *Kurtzman* Court held that the circumstances of that case "[did] not constitute additional consideration making what is otherwise an at-will employment relationship one that can be terminated by the employer only for cause." 347 N.C. at 334, 493 S.E.2d at 424. The implication, then, is that an employment relationship "that can be terminated by the employer only for cause" would succeed in removing an employment contract from the presumption of at-will employment. The *Kurtzman* Court also specifically rejected the notion "that the establishment of 'a definite term of service' is the sole means of contractually removing the at-will presumption." *Id.* Accordingly, we hold that the trial court's error in ruling that the parties' contract is unenforceable was prejudicial and that our granting plaintiff a new trial does place him in a better position than his current one.

**LOCKETT v. SISTER-2-SISTER SOLUTIONS, INC.**

[209 N.C. App. 60 (2011)]

**[7]** Fourth, plaintiff argues that the trial court erred by entering an award of attorneys' fees in his favor in the amount of $7,500.00. We agree.

We review a trial court's award of attorneys' fees pursuant to an abuse of discretion standard. *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982) (citations omitted).

"Before awarding attorney's fees, the trial court must make specific findings of fact concerning: (1) the lawyer's skill; (2) the lawyer's hourly rate; and (3) the nature and scope of the legal services rendered." *Williams v. New Hope Found., Inc.*, 192 N.C. App. 528, 530, 665 S.E.2d 586, 588 (2008) (citing *In re Baby Boy Scearce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413, *disc. rev. denied*, 318 N.C. 415, 349 S.E.2d 590 (1986)).

In the instant case, the trial court made only one finding of fact with respect to an award of attorneys' fees: "Plaintiff incurred reasonable attorney's fees in the amount of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500) in connection with the preparation, filing, and prosecution of his North Carolina Wage and Hour Act claim." As Sister-2-Sister emphasizes, the trial court was not required to adhere to "[p]laintiff counsel's own estimation of the value of counsel's services or the alleged amount of time spent proving that [p]laintiff was not paid for several days during July 2007." However, the trial court *was* required to make sufficient findings detailing the reasonable basis for its award. *See id.* (citation omitted). The trial court may have awarded plaintiff a reasonable amount of attorneys' fees based upon plaintiff's counsel's work with respect to his prevailing claim, but because it did not enumerate any findings as to counsel's "skill" or "hourly rate" or as to "the nature and scope of the legal services rendered"—all three of which are required—*id.* (citation omitted), we hold that the trial court abused its discretion in its award of attorneys' fees to plaintiff.

Plaintiff's final argument is that the trial court erred in denying his motion for amendment of judgment because he had presented the trial court with ample evidence supporting the motion. Based upon our discussion of plaintiff's third argument *supra*, we hold that the trial court erred by denying plaintiff's motion to amend judgment.

Wehold that the trial court did not err in granting summary judgment in favor of Lockett as to plaintiff's claims of breach of contract and violations of the North Carolina Wage and Hour Act.

However, we reverse as to the trial court's directed verdict in favor of Sister-2-Sister and dismissal of plaintiff's breach of contract claim. We also remand the issue of the amount of plaintiff's attorneys' fees to the trial court for entry of the requisite findings of fact.

Affirmed in part, reversed in part, and remanded in part.

Judges ELMORE and STROUD concur.

Judge JACKSON concurred prior to December 31, 2010.