**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

TANGE M. CARTER,
           *Plaintiff-Appellant,*

v.                                        No. 02-1536

TATE & LYLE, NORTH AMERICA,
           *Defendant-Appellee.*

TANGE M. CARTER,
           *Plaintiff-Appellee,*

v.                                        No. 02-1648

TATE & LYLE, NORTH AMERICA,
           *Defendant-Appellant.*

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-00-2961-MJG)

Submitted: December 30, 2002

Decided: January 16, 2003

Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Michael J. Snider, SNIDER LAW OFFICES, Baltimore, Maryland, for Appellant. Abbey Hairston, Raymond C. Baldwin, SEYFARTH SHAW, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Tange M. Carter appeals a district court's order granting the motion for summary judgment of Tate & Lyle, North America ("Employer"). Employer cross-appeals the district court's subsequent order granting Carter's Fed. R. App. P. 4(a)(6) motion to reopen the time to file an appeal. We affirm both orders.

Because the cross-appeal concerns the jurisdiction of this court, we address first the court's order granting Carter's motion to reopen the time to file an appeal. This court reviews the court's decision on a Rule 4(a)(6) motion for abuse of discretion. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (standard of review for denial of Rule 4(a)(6) motions); *see also Nguyen v. Southwest Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002) (stating that appellate court reviews grant or denial of Rule 4(a)(6) motion for abuse of discretion).

In this case, Carter's counsel filed the Rule 4(a)(6) motion within 180 days after the judgment order was entered and within seven days after he allegedly discovered that judgment had been entered. The district court found that, due to clerical error, the clerk's office incorrectly assumed that the judge's chambers had mailed the documents to counsel and the judge's chambers incorrectly assumed that the Clerk was mailing the documents to counsel. Under those circum-

stances, the court found it appropriate to assume that Carter's counsel's representation of nonreceipt was correct. Additionally, the court found that, inasmuch as the denial of the motion would prevent Carter from pursuing appellate rights without any fault on the part of Carter, there was no possible prejudice to Employer from granting the motion. In light of the above, we find that the district court did not abuse its discretion in granting Carter's Rule 4(a)(6) motion to reopen the appeal period. Accordingly, we affirm the court's order granting the motion.

On appeal, Carter argues that she was fired by Employer on account of her race and/or gender. Her claims are brought under a "disparate treatment" theory that she, an African-American female, was treated differently than the other employees. She maintains that those who supervised her during the six weeks she worked for Employer were generally more favorable to white employees and to male employees, which resulted in her receiving inferior training.

This court reviews a district court's order granting summary judgment de novo and views the facts in the light most favorable to the nonmoving party. *Scheduled Airlines Traffic Offices, Inc. v. Objective, Inc.*, 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In the absence of direct evidence, as here, discrimination claims under Title VII are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of discrimination, Carter must show: (1) she is a member of a protected class; (2) she suffered from an adverse employment action; (3) at the time the employer took the adverse

employment action, she was performing at a level that met her employer's legitimate job expectations; and (4) the position was filled by a similarly qualified applicant outside the protected class. *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir. 1999). If Carter establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If the employer produces a legitimate reason for the action, the burden shifts back to the plaintiff to show the employer's proffered reason is pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000). In *Reeves*, the court clarified the plaintiff's burden at the pretext stage of the burden-shifting analysis. The court held that a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Id.* at 148. The ultimate burden of persuasion, however, remains with the plaintiff. Summary judgment is appropriate if no rational factfinder could conclude the action was discriminatory. *Rowe v. Marley Co.*, 233 F.3d 825, 830 (4th Cir. 2000).

We have reviewed the parties' briefs, the materials submitted in the joint appendix, and the district court's memorandum opinion and order granting summary judgment to Employer, and we find no reversible error. Accordingly, we affirm the court's order granting Employer's motion for summary judgment in this action. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*