**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 07-2176**

————————————

JOHN M. HERMAN,

          Plaintiff - Appellant,

      v.

WILLIAM C. LACKEY, JR., individually and in his capacity as
a member of the North Carolina Real Estate Commission;
KEVIN BROADWAY, an individual; HOMESERVICES OF THE
CAROLINAS, INCORPORATED, d/b/a HomeServices of the
Carolinas School of Real Estate, a Delaware corporation;
JOHN DOE, 1 - 10, indentities unknown,

          Defendants - Appellees.

————————————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen,
Senior District Judge.  (3:06-cv-00251-GCM)

————————————

Argued:  December 2, 2008      Decided:  February 4, 2009

————————————

Before GREGORY and AGEE, Circuit Judges, and Rebecca Beach
SMITH, United States District Judge for the Eastern District of
Virginia, sitting by designation.

————————————

Affirmed by unpublished per curiam opinion.

————————————

**ARGUED:** James M. Harrington, THE HARRINGTON PRACTICE, P.L.L.C.,
Charlotte, North Carolina, for Appellant.  Bryan T. Simpson,
TEAGUE, CAMPBELL, DENNIS & GORHAM, L.L.P., Raleigh, North
Carolina; Jonathan Woodward Yarbrough, Asheville, North
Carolina, for Appellees.  **ON BRIEF:** Charles A. Lamm, H. Edward

Knox, KNOX, BROTHERTON, KNOX & GODFREY, Charlotte, North
Carolina, for Appellee Kevin Broadway.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Herman ("Herman") appeals the district court's dismissal of his amended complaint filed against William C. Lackey, Jr. ("Lackey") (individually and in his capacity as a member of the North Carolina Real Estate Commission), HomeServices of the Carolinas, Inc. ("HSC"), Kevin Broadway ("Broadway"), and ten "John Does," "identities unknown." The district court dismissed all of Herman's claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), including: violation of 42 U.S.C. § 1983, breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, and intentional infliction of emotional distress.[1] For the following reasons we affirm the judgment of the district court.

## I. Background

### A.

Herman, a real estate broker in North Carolina, taught classes at HSC's real estate school. In the summer of 2005, Herman was the instructor of a licensing course that Broadway

---

[1] Herman does not raise on appeal the district court's dismissal of his state law claims and thus we do not consider them.

took and failed. Broadway then filed a complaint against Herman with the North Carolina Real Estate Commission ("the Commission") alleging certain defalcations by Herman during the course and during the administration of the final examination. Broadway is Lackey's stepson, and Lackey is a member of the Commission.

At the time Broadway's complaint was filed, Herman was scheduled to teach courses at HSC during the upcoming term, "as evidenced by the appearance of his name upon course schedules." J.A. 43. He alleged that he had an "oral contract of employment for a definite period and a reasonable expectation of continued employment in that position for the duration of the classes for which he had been scheduled and indefinitely thereafter." J.A. 46. Also pending at the time of Broadway's complaint was an application for licensure of a new real estate school ("the new school") that Herman and several other individuals had submitted to the Commission. Herman alleged that he intended to serve as the director and an instructor at the new school. Herman pled in the amended complaint that Lackey, "[a]cting with malice . . . arising out of Lackey's embarrassment at his stepson's failure in the course taught by the Plaintiff", J.A. 48, "under color of state law in his capacity as a Member of the Commission, . . . orchestrate[d] a delay in approval of the new school . . . thereby denying the Plaintiff of his opportunity to contract

4

with the new school." J.A. 44. Herman further contended that time was of the essence in establishing the new school because of "a change in the state law governing the licensure of real estate brokers." J.A. 44. Although licensure was delayed, the new school was ultimately licensed.

Herman asserted that Lackey induced Broadway to file the complaint with the Commission, that he knew the complaint was unfounded, and that Lackey "issued an ultimatum to HSC to terminate its contract with [Herman] or face retributive action" from the Commission. J.A. 107. Herman also pled that Broadway asked Lackey to intercede and use his authority to cause Herman "irreparable damage to [his] reputation, ability to earn a living, and mental and emotional state." J.A. 45.

B.

The district court found that Herman failed to allege HSC was a state actor, and that he failed to allege a cognizable deprivation of rights based on the termination of his employment because Herman did not have "a constitutional due process protection with respect to" his employment with HSC or the licensure of the new school and therefore did not have a property interest in continued employment. The district court also found that Herman's amended complaint failed to set forth a viable claim for an equal protection violation because he is not

5

a member of a suspect class, and because "one can easily hypothesize 'rational' . . . scenarios for Lackey's alleged conduct." J.A. 112. Judgment was entered in favor of all the Defendants on June 15, 2007.

In October 2007, Herman requested the district court reopen the time in which to file an appeal, pursuant to Federal Rule of Appellate Practice 4(a)(6). Herman asserted he had not received timely notice of the entry of judgment, fewer than 180 days had passed since the order was entered, fewer than seven days had passed since he received actual notice of the entry of judgment, and that neither party would be prejudiced by the reopening of the period to appeal. The district court granted Herman's motion to reopen on November 15, 2007, finding that no party would be prejudiced by reopening and giving Herman fourteen days to file an appeal. Herman then noted a timely appeal on November 20, 2007. Appellees moved to reconsider the order granting Herman's request to reopen the time to file an appeal, but the district court denied the motion. Appellees contend that Herman's appeal is untimely and should be dismissed for lack of jurisdiction.

Herman raises two primary issues on appeal. He argues that the district court erred by dismissing his claims against Broadway because the district court-albeit mistakenly-found that Broadway had not filed a motion to dismiss pursuant to Rule

6

12(b)(6).  Herman also contends that the district court erred in granting Lackey's and HSC's motions to dismiss because he had protected property interests in his employment contract and in the licensure of the new school.  Herman also argues an equal protection violation as to the granting of the motion to dismiss.

## II. Standard of Review

This Court reviews de novo a district court's dismissal of a complaint under Rule 12(b)(6), accepting all allegations in Herman's amended complaint as true. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and have "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ____, 127 S. Ct. 1955, 1960-65 (2008).  However, the court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000).

## III. Analysis

### A. Jurisdiction

Federal Rule of Appellate Practice 4(a)(6) states that a district court "may" grant a motion to reopen, therefore, the exercise of this permissive authority is reviewed for abuse of discretion. See Nguyen v. Southwest Leasing & Rental Inc., 282 F.3d 1061, 1064 (9th Cir. 2002); see also Carter v. Tate & Lyle, 58 Fed. Appx. 12, 13 (4th Cir. 2003) (unpublished). A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or when it uses an erroneous legal standard. See Thorn v. Jefferson Pilot Life Ins. Co., 445 F.3d 311, 317 (4th Cir. 2006) ("A district court per se abuses its discretion when it makes an error of law or clearly errs in its factual findings.").

Appellees argue that Herman asserted no valid excuse for his failure to receive the entry of the judgment and thus the district court abused its discretion in granting his request to reopen. However, the district court found that "plaintiff's counsel represents that he never received notice of the Entry of Judgment" and that "no party will be prejudiced by reopening the time period for appeal." J.A. 121.

Herman properly averred the reasons for which he argues that he did not receive timely notice of entry of judgment, and did so within seven days after he alleges that he did receive

8

actual notice.   Herman also properly noted an appeal within fourteen days of the district court's order granting the motion to reopen.   It was within the court's discretion to find that the moving party did not receive notice and that no party would be prejudiced.   We therefore conclude the district court did not abuse its discretion in granting the motion to reopen. Accordingly, this Court has jurisdiction to hear the appeal.

## B.   Herman's § 1983 Claim

Herman alleges that the conduct of Lackey, HSC, Broadway, and others led to a deprivation of his "right of contract, his property interest in his contract with Defendant HSC, and his right to the due process of law and to the equal protection of the laws, in violation of 42 U.S.C. § 1983." J.A. 45.   A plaintiff must prove three elements in order to succeed on a § 1983 claim: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." Jenkins v. Medford, 119 F.3d 1156, 1159-160 (4th Cir. 1997); see also 42 U.S.C. § 1983; Dowe v. Total Action Against Poverty, 145 F.3d 653, 658 (4th Cir. 1998). We first review the dismissal of the § 1983 claim as to HSC and Broadway.

## 1. State Actor

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful,'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S. Ct. 2777, 2785 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507 (quoting Blum, 457 U.S. at 1004); see also Dowe, 145 F.3d at 659.

Herman fails to allege any facts upon which to conclude that Broadway or HSC acted under color of state law. Furthermore, on appeal, Herman does not challenge the district court's finding that "there is no allegation that HSC is a state actor, or anything other than a private employer." J.A. 109. Herman claims only that Lackey, Broadway, and HSC "acted in concert." J.A. 45. This allegation is not sufficient to include Broadway and HSC as state actors. Although joint

participation of public and private actors may turn private conduct into state conduct for purposes of a § 1983 claim, this is not the case here. The state has neither "coerced the private actor to commit an act that would be unconstitutional if done by the state, . . . sought to evade a clear constitutional duty through delegation to a private actor, . . . delegated a traditionally and exclusively public function to a private sector, or . . . committed an unconstitutional act in the course of enforcing a right of a private citizen." Andrews v. Federal Home Loan Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993). Therefore, Herman's complaint failed to assert a § 1983 claim upon which relief could be granted as to HSC and Broadway.

2.   Herman Fails to Allege Deprivation of his Rights

Although the state actor requirement is fulfilled as to Lackey, in order to survive a motion to dismiss Herman must also allege that he was deprived of a right secured by the Constitution or a federal statute. 42 U.S.C. § 1983. Herman argues that he was unconstitutionally deprived both of his right to further employment with HSC as well as his right to the license of the new school. We disagree.

The burden of showing a protectable property interest is on the plaintiff. See Bd. of Regents v. Roth, 408 U.S. 564, 579 (1972) (plaintiff failed to show "that he was deprived of

11

liberty or property protected by the Fourteenth Amendment")). In the employment context, it is not enough for a plaintiff to demonstrate that he has lost his job. Instead, the relevant inquiry is whether the plaintiff possessed a protectable property interest in his or her continued employment. See Holland v. Rimmer, 25 F.3d 1251, 1257 (4th Cir. 1994). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. Herman alleges that he had a protected property interest both in his employment contract and in the licensure of the new school. We find that he did not.

a. HSC Employment

We look to state law to determine whether a plaintiff had a protectable property interest in his or her continued employment. See Knight v. Vernon, 214 F.3d 544, 553 (4th Cir. 2000). North Carolina law mandates that, when there is no contract establishing a definite term of employment, the employment will be considered at-will. Tarrant v. Freeway Foods of Greensboro, 163 N.C. App. 504, 508, 593 S.E.2d 808, 811 (2004); see also Pittman v. Wilson County, 839 F.2d 225, 227 (4th Cir. 1988) ("Under North Carolina law, subject to a few

12

well-defined exceptions, 'absent some form of contractual agreement between an employer and employee establishing a definite period of employment, the employment is presumed to be an 'at-will' employment, terminable at the will of either party, irrespective of the quality of performance by the other party....'") (quoting Harris v. Duke Power Company, 319 N.C. 627, 629, 356 S.E.2d 357 (1987)).  The presumption that indefinite employment is at-will is a strong one.  The North Carolina Supreme Court has consistently "held that assurances of continued employment, permanent employment or employment for life are insufficient to rebut the at-will presumption." Worley v. Bayer Corp., 154 N.C. App. 743, 572 S.E.2d 874 at *2 (Table) (unpublished) (citing Kurtzman v. Applied Analystical Indus., Inc., 347 N.C. 329 (1997); Still v. Lance, 279 N.C. 254, 182 S.E.2d 403 (1971); Tuttle v. Lumber Co., 263 N.C. 216, 139 S.E.2d 249 (1964); Malever v.  Jewelry Co., 223 N.C. 148, 25 S.E.2d 436 (1943)).  An at-will employment relationship does not create a protectable property interest in continued employment for § 1983 purposes.  Roth, 408 U.S. at 577-78.

Although Herman attempts to rebut the presumption of at-will employment by stating that he had "an oral contract of employment for a definite period" in his amended complaint, J.A. 46, that does not sufficiently read his pleading in context.  That "definite period" is only "a reasonable expectation of

13

continued employment" and not a contractual right by the terms of his own pleading.  Therefore Herman does not rebut the presumption that his employment was at-will and the district court did not err in dismissing his § 1983 claim as to his HSC employment.

b. Licensure of the New School

As discussed above, in order to successfully allege a protectable property interest, a plaintiff must show that he or she had a "legitimate claim of entitlement" to the property, and not merely an "abstract need" or "expectation." Roth, 408 U.S. at 577.  Herman fails to allege that he had anything more than a desire or expectation for the licensure of the new school.

In his amended complaint, Herman asserts that he applied "to the [Commission] for licensure of a new real estate school," J.A. 43, and that Lackey knew "of the impending approval of the new school," but "orchestrate[d] a delay in the approval of the new school." J.A. 44.  These allegations are insufficient to show that Herman possessed a constitutionally protected property interested in the licensure of the new school.  Although Herman alleges that the licensure was "impending," he had merely applied for a license for the school.  This Court has held that a "property interest requires more than a 'unilateral expectation' that a permit or license will be issued; instead,

14

there must be a 'legitimate claim of entitlement.'" <u>Biser v. Town of Bel Air</u>, 991 F.2d 100, 104 (4th Cir. 1993) (quoting <u>Roth</u>, 408 U.S. at 577). Herman's claim that the new school was due to soon receive licensure does not rise above the level of a mere expectation, even if the licensure was "impending."[2]

Herman had no cognizable property interest in the licensure of the new school, and no actual loss as a result of the delay. Therefore, the district court appropriately granted Appellees' motions to dismiss his § 1983 claim.

### c. Broadway's 12(b)(6) Motion

Herman contends that the district court erroneously dismissed his claims as to Broadway upon its own motion. Herman points to the district court's opinion, which states that "Defendant Broadway fail[ed] to file any motion at all." J.A. 116. However, Broadway did file a motion to dismiss pursuant to Rule 12(b)(6) on December 20, 2006. In its opinion, the district court apparently failed to recognize that Broadway had filed the motion. Because Broadway did, in fact, file a motion

---

[2] Furthermore, Herman did actually receive licensure for the school. He alleges in his complaint only that the licensing was delayed and that "time was of the essence in the new school's application." J.A. 44. Even if he were able to show a cognizable property interest in the license, that interest was ultimately realized by him, and he fails to allege that he suffered any actual loss as a result of the delay.

15

to dismiss, and the motion was not raised <u>sua</u> <u>sponte</u>, there was no error of law in dismissing the claims against Broadway pursuant to Rule 12(b)(6).

### d. Equal Protection Claim

Although Herman admits that he is not a member of a suspect class and thus his claim must be examined under rational basis review, (Br. 16), he argues that there was no rational basis for Lackey's alleged conduct. He contends that the district court erred when it found that one could "hypothesize 'rational' scenarios for Lackey's alleged conduct." J.A. 112. Herman asserts instead that Lackey was "motivated by personal animus toward Herman" and "used his power as a member of the Commission to demand that Herman be fired."

To state an equal protection claim under any theory, a plaintiff must plead sufficient facts to "demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Williams v. Hansen</u>, 326 F.3d 569, 576 (4th Cir. 2003) (quoting <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001)). Under rational basis review, a plaintiff must "negate 'any reasonably conceivable state of facts that could provide a rational basis for the classification.'" <u>Kirby v. Elizabeth City</u>, 388 F.3d 440,

448 (4th Cir. 2004) (quoting Bd. of Trustees v. Garrett, 531 U.S. 356, 367 (2001)). Herman's amended complaint fails to make this showing.

Although Herman's claim that he was a "class of one" is viable, see, e.g., Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam), the district court was correct when it stated that "one can easily hypothesize 'rational' scenarios for Lackey's alleged conduct." Whether Broadway's allegations were true, they nonetheless raised questions about Herman as an instructor and merited a review by the Commission. These serious allegations certainly could raise concerns about the reputation of HSC, and about Herman's behavior. Because Herman did not negate the hypothetical rational basis, his equal protection claim fails.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

17