**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1199**

MATTHEW A. BARRETO,

        Plaintiff - Appellant,

     v.

AFFLUENCE EDU; WELLS FARGO & COMPANY,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:19-cv-02845-JKB)

Submitted:  September 30, 2020              Decided:  October 8, 2020

Before NIEMEYER and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Matthew A. Barreto, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew A. Barreto seeks to appeal the district court's order dismissing his civil complaint and the district court's subsequent order denying his motion for reconsideration and motion for extension of time to file a notice of appeal or to reopen the appeal period. We vacate the district court's order denying reconsideration and remand for further limited proceedings, after which the case will be returned to us.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). A party must file a notice of appeal within 30 days after the entry of the judgment or order appealed from, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).

Barreto argues, as relevant here, that the district court erred in denying his motion for extension of time/motion to reopen. The district court may reopen the time to file an appeal if: (1) the court finds that the movant did not receive proper notice of the entry of the judgment within 21 days after entry; (2) the motion to reopen the appeal period is filed within 180 days after the order is entered or within 14 days after the movant receives proper notice of the entry, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6); *see* Fed. R. Civ. P. 77(d). We review a district court's decision on a Rule 4(a)(6) motion for an abuse of discretion. *Herman v. Lackey*, 309 F. App'x 778, 781 (4th Cir. 2009) (No. 07-2176) (argued but unpublished) (citing *Nguyen v. Southwest Leasing & Rental Inc.*, 282 F.3d 1061, 1064 (9th Cir. 2002)). "A district court abuses its discretion if its decision is guided by erroneous legal principles or rests upon a

2

clearly erroneous factual finding." *United States v. Cowley*, 814 F.3d 691, 698 (4th Cir. 2016).

In denying Barreto's motion for extension/motion to reopen, the district court made no factual findings regarding whether Barreto was entitled to a reopening of the appeal period under Rule 4(a)(6).[*] Accordingly, we vacate the district court's reconsideration order and remand for the limited purpose of allowing the district court to determine whether to reopen the appeal period. The record, as supplemented, will be returned to this court for further reconsideration.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] Because Barreto filed the motion more than 30 days after the appeal period expired, the motion cannot be construed as a Rule 4(a)(5) motion for extension of time to file a notice of appeal.